**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4152**

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

     v.

NICHOLAS JOE ALLISON,

          Defendant - Appellant.

Appeal from the United States District Court for the District of
South Carolina, at Anderson.  Henry F. Floyd, District Judge.
(8:05-cr-00055-HFF-1)

Submitted:  October 14, 2008       Decided:  November 24, 2008

Before NIEMEYER, MOTZ, and TRAXLER, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

Benjamin  T.  Stepp,  Assistant  Federal  Public  Defender,
Greenville, South Carolina, for Appellant.  W. Walter Wilkins,
United  States  Attorney,  Regan  A.  Pendleton,  Assistant  United
States Attorney, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Nicholas Allison appeals the 144-month sentence imposed by the district court after he pled guilty to conspiracy to possess with intent to distribute and to distribute fifty grams or more of methamphetamine and 500 grams or more of a mixture or substance containing methamphetamine (Count 1), in violation of 21 U.S.C. § 846 (2000), and possession with intent to distribute fifty grams or more of methamphetamine and 500 grams or more of a mixture or substance containing methamphetamine (Count 2), in violation of 21 U.S.C. § 841(a)(1) (2000).[1] On appeal, Allison challenges the district court's conclusion that he did not qualify for a two-level reduction under the safety-valve provision in U.S. Sentencing Guidelines Manual § 5C1.2 (2004). Because we conclude that the district court procedurally erred, we vacate Allison's sentence and remand for resentencing.

---

[1]Allison also pled guilty to using and carrying a firearm during and in relation to, and possession of a firearm in furtherance of, a drug trafficking crime (Count 3), in violation of 18 U.S.C.A. § 924(c)(1) (West 2000 & Supp. 2008). At the sentencing hearing, however, the district court permitted him to withdraw the plea on Count 3. The court found that testimony at the trial of a co-conspirator, Vanessa Givens ("Givens"), established that Givens possessed the gun and put it under the passenger seat of the car without Allison's knowledge and that Givens had been riding in the passenger seat but switched places with Allison just before the state trooper effectuated the stop that led to the discovery of the gun and 910 grams of methamphetamine.

This court reviews the sentence imposed by the district court for abuse of discretion. Gall v. United States, 128 S. Ct. 586, 597 (2007). Appellate courts review sentences for procedural and substantive reasonableness:

> It must first ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence--including an explanation for any deviation from the Guidelines range.

Id. "A sentence based on an improperly calculated guidelines range will be found unreasonable and vacated." United States v. Abu Ali, 528 F.3d 210, 260 (4th Cir. 2008) (citing Gall, 128 S. Ct. at 597).

Allison contends that the district court erred in finding that he did not qualify for the safety-valve reduction in USSG § 5C1.2 because he received a two-level enhancement under USSG § 2D1.1(b)(1) for possession of a weapon based upon his concession that it was reasonably foreseeable a gun would be involved in the drug conspiracy.[2] Allison asserts that, despite his concession of reasonable foreseeability, he should have received the safety-valve reduction because the undisputed facts

_____

[2]Allison does not challenge the district court's application of the weapon enhancement on appeal.

3

established that he never possessed the firearm or knew that Givens had hidden it in the car. The district court's determination of whether a defendant satisfied the safety-valve requirements is a question of fact reviewed for clear error. United States v. Wilson, 114 F.3d 429, 432 (4th Cir. 1997).

A defendant who meets the five criteria set out in USSG § 5C1.2 is entitled to a two-level reduction under USSG § 2D1.1(b)(7).[3] The only requirement contested on appeal is whether Allison "use[d] violence or credible threats of violence or possess[ed] a firearm . . . (or induce[d] another participant to do so) in connection with the offense . . . ." USSG § 5C1.2(a)(2). "[T]he term 'defendant,' as used in subsection (a)(2), limits the accountability of the defendant to his own conduct and conduct that he aided or abetted, counseled, commanded, induced, procured, or willfully caused." USSG § 5C1.2 cmt. n.4. Allison "bears the burden of proving the existence of the five prerequisites set forth in § 5C1.2." Wilson, 114 F.3d at 432.

This court has found that, "for [the] limited purposes of applying [the safety-valve] provision [in USSG § 5C1.2(a)(2)], possession of a firearm by a coconspirator is not attributed to the defendant." Id. Moreover, every circuit

---

[3]This subsection has been redesignated USSG § 2D1.1(b)(11).

4

to address whether a defendant who received an enhancement for possession of a weapon under USSG § 2D1.1(b)(1) based upon co-conspirator liability also may receive a two-level reduction under the safety-valve provision has held that the provisions are not mutually exclusive:

> While § 2D1.1(b)(1) may be applied based on a co-conspirator's reasonably foreseeable possession of a firearm in furtherance of jointly undertaken criminal activity, the circuits are unanimous in holding that possession of a weapon by a defendant's co-conspirator does not render the defendant ineligible for safety-valve relief unless the government shows that the defendant induced the co-conspirator's possession.

United States v. Delgado-Paz, 506 F.3d 652, 655-56 (8th Cir. 2007) (collecting cases).

Here, the facts are undisputed that Givens obtained the firearm and put it under the passenger seat of the car without Allison's knowledge. Givens also occupied the passenger seat until she switched places with Allison just before the officer stopped the car. On these facts, we conclude that Givens' possession of the firearm cannot be attributed to Allison because he did not obtain the gun, put it in the car, or induce Givens to do so. See id. Thus, we find that the district court committed a significant procedural error by

failing to award Allison a two-level reduction under the safety-valve provision.[4]

For the reasons stated, we vacate Allison's sentence and remand for resentencing. With the safety-valve reduction, the advisory guideline range becomes 135 to 168 months. The district court should consider the extent of the downward departure for substantial assistance from that point. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

VACATED AND REMANDED

---

[4]The Government contends, however, that because the district court properly applied the firearm enhancement, the court also properly denied relief under the safety-valve provision. The three unpublished Fourth Circuit cases the Government cites in support of its position are distinguishable because none of those cases involved co-conspirator liability as the basis for the firearm enhancement. The Government also suggests that the denial of the safety-valve reduction may be affirmed on the ground that Allison was a leader in the conspiracy and therefore also failed to satisfy USSG § 5C1.2(a)(4). The Government's argument fails because Allison did not receive a role-in-the-offense adjustment. See USSG § 5C1.2(a)(4) cmt. n.5.